IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENISE ANN OWENS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ANDREW M. SAUL, ) <br> **Commissioner of the Social** ) <br> **Security Administration,** ) <br> ) <br> Defendant. ) | Case No. CIV-19-281-SPS |

## OPINION AND ORDER

The claimant Denise Ann Owens requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the decision of the Commissioner is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was twenty-eight years old at the time of the most recent administrative hearing (Tr. 512). She has a high school education and has worked as a grocery bagger (Tr. 514, 535). The claimant alleges she has been unable to work since an amended onset date of January 30, 2013, due to cerebral palsy, scoliosis, and chronic back pain (Tr. 49-50, 245, 917).

### Procedural History

In January 2013, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 206-16). Her applications were denied. ALJ Bernard Porter held an administrative hearing and determined that the claimant was not disabled in a written decision dated September 15, 2014 (Tr. 550-61). The Appeals Council denied review, but this Court reversed on appeal in Case No. CIV-16-181-KEW and remanded the case on September 19, 2017 (Tr. 573-87). While her January 2013 applications were pending, the claimant filed new applications on May 19, 2016, which were denied in October 2017 (Tr. 842-51, 590). On remand in this case, ALJ Michael Mannes also reopened the October 2017 decision, conducted a second administrative hearing, and determined that the claimant was not disabled in a written decision dated November 16, 2018 (Tr. 483-97). The claimant did not file written exceptions to the Appeals Council challenging the ALJ's November 2018

decision and the Appeals Council did not assume jurisdiction, so the ALJ's November 2018 decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.984(d), 416.1484(d).

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, overhead reaching, and use of foot controls, but never crawling or climbing ladders, ropes, or scaffolds (Tr. 488). The ALJ further found the claimant must avoid unprotected heights, unprotected moving mechanical parts, and extreme heat and cold, and must be allowed to alternate sitting and standing every 20 to 30 minutes throughout the workday for the purpose of a brief positional change of less than five minutes, but without leaving the work station (Tr. 488). The ALJ then concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform in the national economy, *i. e.,* office helper, mail clerk/sorter, and cashier II (Tr. 496-97).

### Review

The claimant contends that the ALJ erred by failing to: (i) properly consider all of her impairments when formulating the RFC, (ii) properly evaluate the nonmedical source evidence, and (iii) identify jobs existing in significant numbers that she could perform in light of the assigned RFC. The Court agrees that the ALJ erred in his analysis of the

claimant's nonsevere mental impairments and therefore, his decision is not supported by substantial evidence.

The ALJ determined that the claimant had the severe impairments of degenerative disc disease, status post L4-5 to L5-S1 fusion and L3-4 to L5-S1 revision, and cerebral palsy, as well as the nonsevere impairments of obesity, gastroesophageal reflux disease, and depression with anxiety (Tr. 486). The medical evidence related to the claimant's mental impairments reveals that her primary care provider, nurse practitioner Stephenie Ingram, treated her for depression with anxiety from December 2013 through June 2017 (Tr. 427-34, 1115-1230, 1276-88, 1308-44). On examination, Ms. Ingram consistently found the claimant had a normal mood and affect, normal behavior, and normal judgment and thought content. The claimant's depressive symptoms were generally stable, but she did report increased symptoms in February 2015 and June 2017 (Tr. 1168-96, 1032-65).

On October 26, 2016, state agency psychologist Mary Rolison reviewed the record and concluded that the claimant did not have a medically determinable mental impairment (Tr. 620-21). On February 9, 2017, state agency psychologist Laura Eckert indicated the claimant's mental impairments included depressive, bipolar, and related disorders as well as anxiety and obsessive-compulsive disorders (Tr. 653-55). Dr. Eckert found the claimant was mildly impaired in her ability to adapt and manage herself, but had no limitations in her ability to understand, remember, or apply information, interact with others, and concentrate, persist, or maintain pace (Tr. 654). Dr. Eckert thus found the claimant's mental impairments were nonsevere (Tr. 654).

In his written opinion at step two, the ALJ found that the claimant's depression with anxiety was nonsevere because she had no more than mild limitation in any of the four mental functional areas (Tr. 487-88). In support of his findings, the ALJ noted the claimant's mental health treatment consisted solely of routine, conservative refills of psychotropic medication prescribed by her primary care provider; her symptoms were noted as stable with medication; she reported improvement/resolution soon after medication changes in response to infrequent exacerbated symptoms; and she was consistently within normal limits on mental status examinations (Tr. 487). In discussing the opinion evidence at step two, the ALJ gave great weight to Dr. Eckert's opinion that the claimant had no severe mental impairments, finding such opinion was well supported by and consistent with the dearth of mental complaints, the claimant's treatment, the normal mental status examinations, and the claimant's own statements as to her mental functioning (Tr. 487). At step four, the ALJ discussed the claimant's nonsevere physical impairments, but did not mention or discuss her nonsevere mental impairments (Tr. 488-95).

The claimant alleges that the ALJ failed to properly evaluate her nonsevere mental impairments and the Court agrees. The ALJ thoroughly discussed the claimant's depression with anxiety at step two and found it to be nonsevere, but wholly failed to consider it again at step four in evaluating the "cumulative effect of claimant's impairments." *Langley*, 373 F.3d at 1123. The Tenth Circuit has instructed that "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and

five." *Wells v. Colvin*, 727 F.3d 1061, 1068-69 (10th Cir. 2013).  Since the ALJ thoroughly discussed the claimant's nonsevere *physical* impairments at step four, it seems clear that the ALJ relied solely on his step two findings to conclude the claimant had no limitations based on her nonsevere mental impairments.  "To sum up, to the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis."  *Wells*, 727 F.3d at 1071.  This analysis was particularly important in this case because there was no consultative mental status examination and because the claimant attributed her depression to her physical pain.

Because the ALJ failed to properly account for *all* the claimant's impairments at step four, the decision of the Commissioner is therefore reversed and the case remanded to the ALJ for further analysis of all the claimant's impairments.  If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.  The decision of the Commissioner is accordingly REVERSED and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 29th day of March, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**